UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VA
RICHMOND DIVISION

| | |
|---|---|
| IN RE: | BCN#: 09-31615\KRH |
| KATHY G. WEBSTER | Chapter: 13 |
|     Debtor(s) | |
| CHASE HOME FINANCE, LLC. | |
| or present noteholder, | |
|     Movant/Secured Creditor, | |
| v. | ORDER |
| KATHY G. WEBSTER | |
|     Debtor(s) | |
| and | |
| ROBERT E. HYMAN | |
|     Trustee | |
|     Respondents | |

Whereas, the parties are in agreement;

IT IS ORDERED that Movant's Motion for Relief from Stay is DENIED as the Debtor(s) has represented to the Court her desire to sell the Property for the benefit of the estate due to the apparent potential equity in the property with an address of 10108 PURCELL ROAD, Richmond, VA 23228, and more particularly described in the Deed of Trust dated May 15, 2008 and recorded as Deed Book/Instrument Number 4516, PAGE 1371, among the land records of the said city/county, as:

ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND, WITH ALL IMPROVEMENTS THEREON AND APPURTENANCES THERETO BELONGING, LYING AND BEING IN HENRICO COUNTY, VIRGINIA, NUMBER 10108 PURCELL ROAD, AND

Trenita Jackson Stewart VSB#48412
SHAPIRO & BURSON, LLP
236 Clearfield Avenue, Suite 215
Virginia Beach, VA 23462
(757) 687-8777   09-150875V

FURTHER KNOWN, NUMBERED AND DESIGNATED AS LOT 4, BLOCK H, LAUREL SQUARE, HENRICO COUNTY, VIRGINIA, ON A PLAT MADE BY A. G. HAROCOPOS & ASSOCIATES, CERTIFIED LAND SURVEYOR AND CONSULTANT, DATED MAY 5, 1972, RECORDED WITH THAT CERTAIN DEED IN DEED BOOK 1810, PAGE 1468, TO WHICH PLAT REFERENCE IS HEREBY MADE FOR A MORE PARTICULAR DESCRIPTION OF SAID PROPERTY.

That the secured first lienholder, CHASE HOME FINANCE, LLC., and the Debtor(s) having no objection;

IT IS HEREBY ORDERED that the Debtor(s) shall have ninety (90) days from the entry of this order to obtain and ratify a contract sufficient to satisfy in full all liens then existing on the Property, all necessary and customary expenses of sale, including the Trustee's commission, with a reasonable amount remaining, given the true value of the Property, to be used to satisfy the claims of the unsecured creditors.  In the event such a contract is not obtained by the Debtor(s), then counsel for the Movant may submit to this Court, without any further opportunity for hearing, an order granting relief from the Section 362 stay and may proceed forthwith to exercise its remedies under the terms of its Note and Deed of Trust with regards to the said property.

Upon the entry of the order outlined above, the Movant may also take any necessary actions to obtain possession of the Property.

IT IS FURTHER ORDERED that, if the Debtor(s) is able to obtain and ratify the requisite contract for sale within the ninety (90) days period as outlined above, the Debtor(s) shall have thirty (30) days to consummate said contract and disburse the proceeds to the appropriate parties. In the event that CHASE HOME FINANCE, LLC. has not received payment in full by the end of the one hundred twenty (120) days from the entry of this order as provided herein, then counsel for the Movant may submit to this Court, without any further notice or opportunity for hearing, an

order granting relief from the Section 362 stay and may proceed forthwith to exercise its remedies under the terms of its Note and Deed of Trust with regards to the property.

Upon any relief granted under the terms of this order,

IT IS FURTHER ORDERED that F.R.B.P. 4001(a)(3) is not applicable in this instant case and CHASE HOME FINANCE, LLC. may immediately enforce and implement this order granting relief from the automatic stay;

IT IS FURTHER ORDERED that any relief granted under the terms of this order shall survive any subsequent conversion by the Debtor(s) to a case under any other chapter of the bankruptcy code.

IT IS FURTHER ORDERED that the Movant shall promptly notify the Court and the Chapter 13 Trustee in writing of the results of any foreclosure of the subject deed and pay to the Chapter 13 Trustee any excess funds received from such foreclosure sale, to be disbursed upon agreement with the Debtor(s) or upon further order of the Court.

IT IS FURTHER ORDERED that nothing contained herein shall prohibit the Movant from adding reasonable attorney's fees and costs incurred in this proceeding to the outstanding indebtedness in accord with the terms of the subject Deed of Trust and Note and applicable state law.

IT IS FURTHER ORDERED that upon sale of the above-mentioned property in any foreclosure action, that all excess proceeds will be paid to the Chapter 7 Trustee.

Date:_____

          By the Court:

          _____
          The Honorable Kevin R Huennekens, U.S.
Bankruptcy Court
          UNITED STATES BANKRUPTCY JUDGE

          Notice of Judgment or
          Order Entered on Docket:_____

I ask for this:

/S/ TRENITA JACKSON STEWART
_____
TRENITA JACKSON STEWART, ESQUIRE

Seen; Agreed:

/S/ LINDA JENNINGS
_____
LINDA JENNINGS, Counsel for Debtor


I certify that I have served the proposed Order upon all necessary parties to the action by first class mail, postage prepaid, on the _26TH __ day of ___APRIL_____, 2010.

/S/ TRENITA JACKSON STEWART
_____
TRENITA JACKSON STEWART, Counsel for Movant








          Copies of this order are to be sent to:

SHAPIRO & BURSON, LLP
236 CLEARFIELD AVENUE, SUITE 215
VIRGINIA BEACH, VA 23462

KATHY G. WEBSTER
10108 PURCELL ROAD
Richmond, VA 23228

LINDA JENNINGS
P.O. BOX 5158
GLEN ALLEN, VA 23058

ROBERT E. HYMAN
P.O. BOX 1780
RICHMOND, VA 23218-1780

09-150875V